UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| THOMAS BIVINS,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING LLC;<br>MIDLAND CREDIT MANAGEMENT, INC.;<br>ENCORE CAPITAL GROUP, INC.;<br>SEAN J. FISHER;<br>VALERIA I. OBI;<br>JENNIFER A. SESTA; and<br>PAYAL Y. CHATANI;<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO. 1:17-cv-00054<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY**<br>Violation of 15 U.S.C. §§ 1692-1692p ("Fair Debt Collection Practices Act") |

Plaintiff THOMAS BIVINS ("Plaintiff") as and for his Complaint against Defendants MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC., SEAN J. FISHER; VALERIA I. OBI, JENNIFER A. SESTA, and PAYAL Y. CHATANI ("Defendants") alleges:

## I.   INTRODUCTION

1. This is an action for declaratory and injunctive relief, actual damages, statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §§ 1692-1692p ("Fair Debt Collection Practices Act" or "FDCPA").

2. At issue in this litigation is Defendants' unlawful attempt to collect a debt from Plaintiff that is not expressly authorized by any valid agreement or law.

1

## II.   JURISDICTION

3. This is an action to enforce liability created under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

4. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1692d(k).

5. This civil action arises under the laws of the United States.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

## III.   VENUE

7. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## IV.   PARTIES

9. Plaintiff is an individual, natural person allegedly obligated to pay a debt.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendants are persons that use instrumentalities of interstate commerce in their business the principal purpose of which is the collection of debts.

12. Defendants are persons that use the mails in their business the principal purpose of which is the collection of debts.

13. Defendants are persons that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another

14. Defendants are "debt collector[s]" as defined by 15 U.S.C. § 1692a(6).

## V.   COUNT I - VIOLATION OF 15 U.S.C. § 1692f(1)

15. Defendants are attempting to collect a $2,272.09 debt from Plaintiff.

16. Plaintiff is not indebted to Defendants for $2,272.09 by agreement or law.

## VI.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury and respectfully requests entry of judgment against Defendants MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC., SEAN J. FISHER; VALERIA I. OBI, JENNIFER A. SESTA, and PAYAL Y. CHATANI for:

a. An order entering a preliminary and permanent injunction enjoining Defendants from attempting to collect the $2,272.09 debt from Plaintiff;

b. Declaratory judgment pursuant to 28 U.S.C. 2201 declaring the acts and practices of Defendants complained of herein violate the FDCPA;

c. Actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1)-(2);

d. Costs of this action and attorney's fees per 15 U.S.C. § 1692k(a)(3); and

e. Such other and further relief that this Court deems just, proper, and equitable.

Dated:   March 10, 2017

Respectfully submitted,
s/ Brian L. Ponder
Brian L. Ponder, Esq. (NY: 5102751)
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF