UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THOMAS BIVINS,

Plaintiff,

v.                                                   Case No. 1:17cv54-MW/GRJ

MIDLAND FUNDING LLC;                                 **SECOND AMENDED COMPLANT**
MIDLAND CREDIT
MANAGEMENT, INC.;                                    **JURY DEMAND**
ENCORE CAPITAL GROUP, INC.;
SEAN J. FISHER;
VALERIA I. OBI;
JENNIFER A. SESTA; and
PAYAL Y. CHATANI;

Defendants.

Plaintiff THOMAS BIVINS ("Plaintiff") as and for his Second Amended Complaint against Defendants MIDLAND FUNDING LLC, MIDLAND CREDIT MANAGEMENT, INC., ENCORE CAPITAL GROUP, INC., SEAN J. FISHER, VALERIA I. OBI, JENNIFER A. SESTA, and PAYAL Y. CHATANI ("Defendants") respectfully alleges and shows this Honorable Court the following:

## I.     INTRODUCTION

1. This is a civil action for damages, costs, and attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA").

## II.    JURISDICTION

2. This is an action to enforce liability created under 15 U.S.C. §§ 1692-1692p.

1

3. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1692d(k).

4. This civil action arises under the laws of the United States.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

## III. VENUE

6. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff THOMAS BIVINS

8. Plaintiff is a natural person allegedly obligated to pay a debt.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

### Defendant MIDLAND FUNDING LLC ("Midland Funding")

10. Defendant MIDLAND FUNDING LLC ("Midland Funding") is a debt buyer.

11. Midland Funding mainly purchases defaulted consumer credit card debt.

12. Midland Funding works with its affiliate, Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), to service accounts (i.e., debt collect).

13. Midland Funding is a subsidiary of Encore Capital Group, also a debt buyer.

14. Midland Funding often uses third parties to service accounts (i.e., debt collect).

15. Midland Funding is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

16. Midland Funding is a person that uses the mails in its business the principal purpose of which is the collection of debts.

17. Midland Funding is a person that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Midland Funding is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

**Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM")**

19. MCM is a "debt collector" that services accounts (i.e., debt collect) on behalf of Midland Funding.

20. MCM is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

21. MCM is a person that uses the mails in its business the principal purpose of which is the collection of debts.

22. MCM is a person that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23. MCM is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

**Defendant ENCORE CAPITAL GROUP, INC. ("Encore Capital Group")**

24. Defendant ENCORE CAPITAL GROUP, INC. ("Encore Capital Group") is a debt buyer with operations in 14 countries.

25. Encore Capital Group's subsidiaries purchase portfolios of consumer receivables from major banks, credit unions, utility providers, and municipalities.

26. Encore Capital Group's subsidiaries include MCM, which purchases and services unsecured consumer debt in the United States.

27. In September 2015, Encore Capital Group, Midland Funding, and MCM were charged with violating the Fair Debt Collection Practices Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act. A copy of the related consent order including said defendants is attached as **Exhibit A**.

28. Encore Capital Group is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

29. Encore Capital Group is a person that uses the mails in its business the principal purpose of which is the collection of debts.

30. Encore Capital Group is a person that regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

31. Encore Capital Group is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

**Defendant SEAN J. FISHER ("Mr. Fisher")**

32. Defendant SEAN J. FISHER ("Mr. Fisher") is a member in good standing with the Florida Bar and eligible to practice law in the State of Florida.

33. Mr. Fisher's mailing address is Midland Credit Management, Inc., Post Office Box 290335, Tampa, Florida 33687-0335.

34. Mr. Fisher is "Corporate Counsel" for MCM according to his Florida Bar member profile online.

35. Mr. Fisher is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

36. Mr. Fisher is a person who uses the mails in his business the principal purpose of which is the collection of debts.

37. Mr. Fisher is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

38. Mr. Fisher is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

**Defendant VALERIA I. OBI ("Ms. Obi")**

39. Defendant VALERIA I. OBI ("Ms. Obi") is a member in good standing with the Florida Bar and eligible to practice law in the State of Florida.

40. Ms. Obi's mailing address is Midland Credit Management, Inc., Post Office Box 290335, Tampa, FL 33687-0335.

41. Ms. Obi is an "Associate" at MCM according to her Florida Bar member profile online.

42. Ms. Obi is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

43. Ms. Obi is a person who uses the mails in her business the principal purpose of which is the collection of debts.

44. Ms. Obi is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

45. Ms. Obi is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

### Defendant JENNIFER A. SESTA ("Ms. Sesta")

46. Defendant JENNIFER A. SESTA ("Ms. Sesta") is a member in good standing with the Florida Bar and eligible to practice law in the State of Florida.

47. Ms. Sesta's mailing address is Post Office Box 290335, Tampa, Florida 33687-0335.

48. Ms. Sesta is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

49. Ms. Sesta is a person who uses the mails in her business the principal purpose of which is the collection of debts.

50. Ms. Sesta is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

51. Ms. Sesta is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

**Defendant PAYAL Y. CHATANI ("Ms. Chatani")**

52. Defendant PAYAL Y. CHATANI ("Ms. Chatani") is a member in good standing with the Florida Bar and eligible to practice law in the State of Florida.

53. Ms. Chatani's mailing address is Midland Credit Management, Inc., Post Office Box 290335, Tampa, Florida 33687-0335.

54. Ms. Chatani's Firm according to her Florida Bar member profile online is Midland Credit Management, Inc.

55. Ms. Chatani is a person that uses instrumentalities of interstate commerce in its business the principal purpose of which is the collection of debts.

56. Ms. Chatani is a person who uses the mails in her business the principal purpose of which is the collection of debts.

57. Ms. Chatani is a person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

58. Ms. Chatani is a "debt collector" as defined under 15 U.S.C. § 1692a(6).

## V. FACTUAL ALLEGATIONS

59. Midland Funding purports to have purchased a bulk receivable or debt portfolio from CITIBANK, N.A. for pennies on the dollar.

60. Defendants, and each of them, purport that Midland Funding's bulk receivable or debt portfolio purchase from CITIBANK, N.A. included a charged off account or debt in the amount of $2,272.09 ("alleged debt") that Defendants believe Plaintiff is liable for.

61. As a result, Midland Funding and Encore Capital Group have enlisted MCM and their attorneys, Ms. Sesta, Ms. Obi, Ms. Chatani, and Mr. Fisher, to collect the alleged debt from Plaintiff.

62. Defendants, and each of them, have attempted to the alleged debt from Plaintiff.

63. Defendants, and each of them, in the name of Midland Funding or MCM have sent dunning letters to Plaintiff, reported the alleged debt on Plaintiff's consumer reports with major national consumer reporting agencies, and, through Ms. Sesta, Ms. Obi, Ms. Chatani, and Mr. Fisher, filed a state court debt collection lawsuit against Plaintiff all in an attempt to collect the alleged debt from Plaintiff.

64. Defendants, and each of them, including Midland Funding, within five days of their respective initial communication with Plaintiff in connection with the collection of the alleged debt, failed to send Plaintiff a written notice containing (1) the amount of the debt, (2) the name of the creditor to whom the debt is owed, (3) a statement that unless Plaintiff, within thirty days after

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the debt collector, and (5) a statement that, upon Plaintiff's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

65. However, Plaintiff is not liable to CITIBANK, N.A. for $2,272.09.

66. Likewise, Plaintiff is not liable to Defendants for $2,272.09.

67. Plaintiff is not indebted or liable to Defendants or CITIBANK, N.A. for $2,272.09 by way of any agreement or any theory of law.

68. Plaintiff has disputed the debt with Defendants, but Defendants, and each of them, have refused to cease and desist their collection efforts and Defendants have failed to inform consumer reporting agencies that they regularly conduct business with that Plaintiff disputes the validity of the alleged debt they are reporting on his consumer reports.

69. Defendants, and each of them, are using deceptive tactics to attempt to collect a bad debt from Plaintiff.

70. Defendants, and each of them, are intentionally attempting to collect the alleged debt from Plaintiff even though Plaintiff does not owe any of Defendants or their purported debt seller, CITIBANK, N.A., $2,272.09.

71. None of Defendants are a merchant.

72. None or Defendants are an acquiring bank.

73. Defendants, and each of them, do not have in their possession a cardholder agreement executed by Plaintiff and CITIBANK, N.A.

74. Defendants, and each of them, have no personal knowledge of any point-of-sale transactions involving Plaintiff and the purported credit card account that Defendants purported purchased from CITIBANK, N.A.

75. Defendants did not authorize Fedwire to debit their account an amount equal to $2,272.09 in order to settle the charges representing the purported alleged debt.

76. Defendants, and each of them, did not sell or deliver any goods to Plaintiff.

77. Defendants, and each of them, did not suffer any damages as a result of any breach of any purported payment obligation(s) by Plaintiff.

78. Defendants, and each of them, did not lend Plaintiff $2,272.09.

79. Defendants, and each of them, have no evidence that Plaintiff promised to pay Defendants or CITIBANK, N.A. $2,272.09.

80. Plaintiff did not receive an amount equal to $2,272.09 from Defendants.

81. Plaintiff did not receive an amount equal to $2,272.09 from CITIBANK, N.A.

82. Defendants, and each of them, are attempting to collect the alleged debt from Plaintiff by pressuring Plaintiff with false statements or records and churning out a lawsuit using mass-produced templated court documents.

83. Defendants, and each of them, are attempting to collect an alleged debt from Plaintiff that they knew or should have known is legally unenforceable.

84. Defendants' actions with respect to their attempts to collect the alleged debt from Plaintiff are unlawful and obnoxious debt collection practices.

85. The entity defendants, Midland Funding, MCM, and Encore Capital Group, form the nation's largest debt buyer and debt collector.

86. As debt buyers, the entity defendants, Midland Funding, MCM, and/or Encore Capital Group, purchased delinquent or charged-off accounts for a fraction of the value of the debt (i.e., pennies on the dollar).

87. Although the entity defendants, Midland Funding, MCM, and/or Encore Capital Group, paid only pennies on the dollar for the debt, they attempt to collect the full amount claimed by the original alleged lender or assignor.

88. The entity defendants, Midland Funding, MCM, and/or Encore Capital Group, have ultimately purchased billions in defaulted consumer debt on credit cards, phone bills, and other accounts over the years of their existence.

89. Defendants, and each of them, have attempted, and continue to attempt, to collect the alleged debt from Plaintiff that they knew, or should have known, is inaccurate or could not legally be enforced based on contractual disclaimers, past practices of debt sellers, or consumer disputes.

90. Defendants, and each of them, under the name of Midland Funding filed a state lawsuit against Plaintiff without having the intent to prove the alleged debt in hope of winning the state lawsuit by default in the event Plaintiff failed to defend himself.

91. Prior similar conduct of the entity defendants, Midland Funding, MCM, and Encore Capital Group, has been found to be in violation of the Fair Debt Collection Practices Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act. *See* **Exhibit A**.

92. The entity defendants, Midland Funding, MCM, and Encore Capital Group, knowingly purchased large portfolios of consumer debt with balances that sellers claim were "approximate" or that otherwise did not reflect the correct amount owed by the consumers who are the alleged debtors.

93. Sellers, including CITIBANK, N.A., warned the entity defendants, Midland Funding, MCM, and/or Encore Capital Group, that some of the debts Midland Funding, MCM, and Encore Capital Group were buying, including the subject

alleged debt, may not have the most recent consumer payments deducted from the balance.

94. Some sellers, including CITIBANK, N.A., also represented to the entity defendants, Midland Funding, MCM, and Encore Capital Group, that documents were not available for some of the accounts, including the alleged subject debt, that Defendants are attempting to collect from Plaintiff.

95. The entity defendants, Midland Funding, MCM, and/or Encore Capital Group, continued purchasing from the aforementioned seller(s) and then attempted to collect on the alleged debt from Plaintiff without first conducting any investigation to determine that the alleged debt was accurate and enforceable.

96. Defendants, and each of them, under the guise and name of Midland Funding, attempted to collect the alleged debt from Plaintiff in a state court lawsuit.

97. Defendants, and each of them, in the name of Midland Funding, had no intention of proving the alleged debt was owed by Plaintiff, but only intended to show their debt purchase agreement and generic credit card statements.

98. Defendants, and each of them, in the name of Midland Funding have placed tens of thousands of debts with law firms staffed by only a handful of attorneys who have made no effort to obtain the documents to back up their claims.

99. Defendants, and each of them, have relied on Plaintiff not filing a defense and winning the lawsuit by default, which did not work with respect to Plaintiff.

100. Plaintiff did not default on Defendants' state lawsuit and moved to dismiss it; the case was not dismissed and is still pending in the state court.

101. Defendants, and each of them, are of the position that Plaintiff has the burden of proof to disprove the debt, when, in fact, Defendants, including, Midland Funding, have the burden to prove that Plaintiff owes them on a debt.

102. Entity defendants Midland Funding, MCM, and/or Encore Capital Group farmed out the alleged debt to its debt collector lawyers, Ms. Sesta, Ms. Obi, Ms. Chatani, and Mr. Fisher, without forwarding required information to substantiate the allege debt that Defendants seek to collect from Plaintiff.

103. Entity defendants Midland Funding, MCM, and/or Encore Capital Group assigned the subject disputed alleged debt to its lawyers, Ms. Sesta, Ms. Obi, Ms. Chatani, and Mr. Fisher, and third-party debt collectors without informing them that the debt was disputed. As a result, Defendants' lawyers, Ms. Sesta, Ms. Obi, Ms. Chatani, and Mr. Fisher, evaluating Defendants' alleged accounts for litigation did not know which account were disputed.

104. Entity defendants Midland Funding, MCM, and Encore Capital Group are vicariously responsible for each other's conduct, including their employed lawyers Ms. Sesta, Ms. Obi, Ms. Chatani, and Mr. Fisher and acts as employers or principals under the law of agency and *respondeat superior*.

105. As a result of Defendants' conduct, Plaintiff has incurred out of pocket costs, experienced emotional distress, and marital and familial discord.

## VI. COUNT I - VIOLATIONS OF 15 U.S.C. § 1692e

**(Against All Defendants)**

106. Plaintiff incorporates paragraphs 1 through 105 herein verbatim.

107. Defendants, and each of them, violated 15 U.S.C. § 1692e by false representing the character, amount, or legal status of the alleged debt in dunning letters or other papers used in an attempt to collect the alleged debt from Plaintiff, including, but not limited to, (1) the false representation that Plaintiff is liable to Midland Funding in the amount of $2,272.09 and/or (2) communicating credit information to consumer reporting agencies concerning Plaintiff and the alleged debt that is known or that should be known to be false, including Defendants' failure to communicate that the alleged debt is disputed.

## VII. COUNT II - VIOLATIONS OF 15 U.S.C. § 1692f

**(Against All Defendants)**

108. Plaintiff incorporates paragraphs 1 through 105 herein verbatim.

109. Defendants, and each of them, violated 15 U.S.C. § 1692f(1) by attempting to collect an amount, $2,272.09, from Plaintiff that is not expressly authorized by any agreement creating the alleged debt or permitted by law.

## VIII. COUNT III - VIOLATIONS OF 15 U.S.C. § 1692g

### (Against All Defendants)

110. Plaintiff incorporates paragraphs 1 through 105 herein verbatim.

111. Defendants, and each of them, violated 15 U.S.C. § 1692g(a) by failing to thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, (4) a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the debt collector, and (5) a statement that, upon Plaintiff's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury and requests entry of judgment against Defendants, and each of them, and in favor of Plaintiff for:

a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k(a)(1)-(2);

b. Costs of this action and attorney's fees per 15 U.S.C. § 1692k(a)(3); and

c. Such other and further relief that this Court deems just, proper, and equitable.

Respectfully submitted,

Dated: October 1, 2017

s/ Brian L. Ponder
Brian L. Ponder, Esq. (NY: 5102751)
BRIAN PONDER LLP
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon all parties via CM/ECF.

Respectfully submitted,

Dated: October 1, 2017

s/ Brian L. Ponder
Brian L. Ponder, Esq. (NY: 5102751)